571 P.2d 1186

**NEW MEXICO STATE BOARD OF ED-UCATION and Board of Education of Taos Municipal Schools, Petitioners,**

v.

**Katherine STOUDT, Respondent.**

**No. 11656.**

Supreme Court of New Mexico.

Dec. 7, 1977.

Toney Anaya, Atty. Gen., John F. Kennedy, Asst. Atty. Gen., Santa Fe, for petitioners.

Jones, Gallegos, Snead & Wertheim, Steven L. Tucker, John Wentworth, Santa Fe, for respondent.

## OPINION

PER CURIAM.

Katherine Stoudt (Respondent) was discharged by petitioner Board of Education of Taos Municipal Schools (Taos Board) from her position as a certified school teacher, and her employment terminated with the Taos Municipal Schools, for these reasons: (1) she was pregnant and unmarried; (2) her conduct was deemed immoral in the Taos community; and (3) her continued presence in the classroom would have a potentially adverse effect upon her teaching effectiveness in the classroom and as a coach, and upon the moral climate at Taos High School.

Respondent (Ms. Stoudt) appealed to petitioner State Board of Education (State Board), and a de novo hearing was held. The State Board in effect sustained the Taos Board and again discharged Ms. Stoudt. Ms. Stoudt appealed the decision of the State Board to the New Mexico Court of Appeals and that court reversed the State Board's decision and ordered that Ms. Stoudt be reinstated with back pay

from the date of the termination of her contract to the date of reinstatement. The State Board filed a petition for writ of certiorari with this Court, and the petition was granted. Subsequently, the Board of Education of Taos Municipal Schools moved this Court to be added as a party to this appeal as an additional petitioner-appellee, and the motion was granted.

The issues presented on appeal are:

(1) Whether the action of the State Board was arbitrary or unreasonable, not supported by substantial evidence or not in accordance with law, and

(2) Whether the action of the State Board was in violation of Ms. Stoudt's constitutional rights.

We have reviewed the briefs filed in the Court of Appeals and the transcripts of the record and the proceedings. We have considered the authorities and arguments contained in the petition for writ of certiorari, and have thoroughly reviewed the opinion of the Court of Appeals.

We concur in the result reached by the Court of Appeals, and include in our opinion, portions of the Court of Appeals opinion.

The undisputed facts are:

Ms. Stoudt was a fully certified high school teacher, first employed by the Taos Board for the 1974–75 school year to teach physical education and to coach, which employment continued from that time until her termination. During the time she worked for the Taos Board she received work performance ratings from her supervisors of satisfactory or better.

In April of 1976, Ms. Stoudt was recommended by the high school principal and the superintendent of schools for reemployment for the 1976–77 school year.

On April 27, 1976, the Taos Board voted to reemploy Ms. Stoudt for the 1976–77 school year.

On May 10, 1976, Ms. Stoudt notified her high school principal of her pregnant condition. On May 11, 1976, the principal notified the director of instruction and Title IX Coordinator of Ms. Stoudt's unwed, pregnant condition.

On May 11, 1976, a notice of reemployment was sent to Ms. Stoudt, notifying her of the Taos Board's offer of reemployment. On May 14th, the principal notified the Superintendent of Taos Schools of Ms. Stoudt's condition.

Ms. Stoudt accepted the Taos Board's offer for the 1976–77 school year after receiving the notice of reemployment; she signed the contract on July 6, 1976, after the Taos Board had previously signed the contract on July 1, 1976.

On June 8, 1976, with full awareness of Ms. Stoudt's unwed pregnant condition, Ms. Stoudt was recommended by school personnel for an instructor's position in the district's summer recreation program for children in grades 5 through 12. The summer program ran from June 14, 1976, through July 29, 1976. The Taos Board approved the recommendation at the regular school board meeting and Ms. Stoudt completed that contract.

Ms. Stoudt's contract of employment for the 1976–77 school year required her to teach from August 20, 1976, until May 27, 1977. On August 19, 1976, at a special Taos Board meeting, a motion was passed, stating:

[T]hat Kathie Stoudt be asked to resign by the superintendent because of her pregnant condition and that her moral conduct reflects on the school and, if she refuses, that she be suspended indefinitely. [Minutes, Taos Municipal Board of Education Meeting, August 19, 1976].

On August 20, 1976, the superintendent of schools, by order of the Taos Board, wrote Ms. Stoudt, requesting her resignation. He also advised her that effective immediately, she was suspended from her job, with pay, for an indefinite period of time.

On August 23, 1976, the superintendent of the Taos Municipal Schools received a letter from appellant's doctor stating that Ms. Stoudt's condition would in no way preclude her from continuing to work.

On August 24, 1976, Ms. Stoudt wrote a letter informing the Taos Board of her refusal to resign. The letter also requested maternity leave, with sick leave to be applied toward her maternity leave, in accord with the Taos Board's policy handbook. No action was taken by the Taos Board on this request.

At the time of the Taos Board's action against Ms. Stoudt, five other unwed mothers were serving as teachers in the Taos Municipal Schools. No action has been taken against them.

On August 30, 1976, a special Taos Board meeting was held. Against the advice of the superintendent, the principal, the Title IX Director and an assistant attorney general, and in the face of a petition signed by 208 persons requesting Ms. Stoudt's reinstatement, presented by local parents, the Taos Board dismissed Ms. Stoudt as an employee of the Taos Municipal Board of Education, subject to a hearing to be held on September 14, 1976.

On September 2, 1976, the superintendent of schools sent Ms. Stoudt a written notice of discharge. The significant part of the letter reads as follows:

> [N]otice is hereby given you of your dismissal as an employee of the Taos Municipal Board of Education subject to the hearing specified herein. *The reasons, or causes, for the board's action in discharging you are as follows: That you are pregnant and unmarried and that this is good and just cause for discharging you for immoral conduct.* (Emphasis added).

On September 14, 1976, a Taos Board hearing was held, as required by § 77–8–14, N.M.S.A.1953 (Supp.1975). At the hearing the Taos Board voted to discharge Ms. Stoudt. In a letter dated September 20, 1976, the superintendent wrote Ms. Stoudt another letter which stated in pertinent part:

> On September 14, 1976, the Board of Education of the Taos Municipal Schools held an informal hearing, pursuant to Sections 77–8–14 and 77–8–16, NMSA 1953, . . . to consider your discharge from employment. After having

heard evidence presented by the school administration and evidence presented on your behalf by your Attorney, the board voted unanimously to reaffirm its decision reached on August 30, 1976, that you be discharged from your written employment contract with the Taos Municipal Schools. You are, therefore, discharged.

> *The reason for the board's decision is that because you are unmarried and pregnant, you have engaged in conduct which is held to be immoral in the Taos community, and, in the opinion of the board, your continued presence in the classroom and as a coach would have a potentially adverse effect upon your teaching effectiveness and upon the moral climate at Taos High School.* (Emphasis added).

On September 29, 1976, Ms. Stoudt filed a notice of appeal with the State Board and a de novo hearing was held on January 20, 1977, pursuant to § 77–8–17, N.M.S.A.1953 (Supp.1975). The State Board issued findings and a decision similar to those of the Taos Board, and Ms. Stoudt appealed.

The scope of appellate review requires affirmance unless the State Board's decision is: "(1) *arbitrary, capricious, or unreasonable*; (2) *not supported by substantial evidence*; or (3) *otherwise not in accordance with law*" (emphasis added). Section 77–8–17(J), N.M.S.A.1953 (Supp.1975). *Board of Education v. New Mexico State Bd. of Ed.*, 88 N.M. 10, 536 P.2d 274 (Ct. App.1975); *Wickersham v. New Mexico State Board of Education*, 81 N.M. 188, 464 P.2d 918 (Ct.App.1970); *Roberson v. Board of Education of City of Santa Fe*, 80 N.M. 672, 459 P.2d 834 (1969).

■ Under §§ 77–8–1, et seq., N.M.S.A. 1953 (Supp.1975), a hearing "de novo" is granted the parties before the State Board of Education, which allows the State Board to proceed with the action as if it had been originally commenced at the level of the State Board. The State Board is thus allowed to make a decision on the evidence presented to it independent of that of the Taos Board. *Board of Education v. New Mexico State Bd. of Ed., supra.*

■ On appeal by a teacher to the State Board, the burden is on the *local school*

*board* to establish by a preponderance of the evidence that sufficient cause existed for its decision to discharge a teacher.

The following findings of the State Board are challenged by Ms. Stoudt:

2. In the Taos community, premarital sexual intercourse is considered to be immoral conduct.

3. As a single woman, the pregnancy of Appellant Stoudt was *evidence of her having engaged in premarital sexual intercourse* which is considered to be immoral conduct in the Taos community.

.   .   .   .   .

11. Appellant Stoudt's unwed pregnancy, evidencing as it did a violation of the moral standards of the Taos community, could have a *potentially adverse affect* [sic] upon Appellant's teaching effectiveness, upon the students and the educational environment at Taos High School. (Emphasis added).

The controlling issue to be dealt with is whether the State Board's action terminating Ms. Stoudt's contract was arbitrary, capricious, unreasonable or contrary to law.

Ms. Stoudt had a written contract with the Taos Board. The contract contained the causes for termination of the contract, pursuant to § 77–8–8(A), N.M.S.A.1953 (Supp.1975). Section 4 of the contract states:

This contract may be terminated by the Board for cause, including unsatisfactory work performance, incompetency, insubordination, physical or mental inability to perform the required duties *or for any other good and just cause,*  .  .  .. (Emphasis added).

The parties entered into a stipulation which states in part: "During her career with the Taos Schools, Ms. Stoudt's work performance has been satisfactory or better." This stipulation removed "unsatisfactory work performance" as a possible ground for termination. Likewise, "incompetency," and "insubordination" were never raised as possible grounds for termination.

The State Board alleges that there is a possibility that because of Ms. Stoudt's pregnancy she would not be able to perform her duties. This is purely speculative because there is no evidence to support this allegation.

This only leaves as a ground for termination "any other good and just cause." In essence, Ms. Stoudt's contract of employment was terminated because of her alleged immoral conduct; specifically, because she was single and had engaged in premarital intercourse, as evidenced by the fact that she was pregnant.

■ The words "for any other good and just cause" have no reasonably defined meaning in the law. These words do not allow the State Board to revoke a teacher's certificate for any reason that is not related to the purposes of the Certified School Personnel Act, which purpose is to protect the public against incompetent teachers and to insure proper educational qualifications, "personal fitness" and a high standard of teaching performance. *Amador v. New Mexico State Board of Education,* 80 N.M. 336, 455 P.2d 840 (1969).

The Taos Board had not previously called for the dismissal of pregnant unwed mothers. It was stipulated to by *both* parties, that Taos had already accepted and retained five unwed mothers as certified teachers in the schools. Thus, the Taos Board had itself excluded the status of being an unwed mother from its definition of what constitutes sufficient good and just cause for dismissal. Teachers, administrators, school children and parents came to her defense claiming she should be retained.

As mentioned previously in this opinion, but worthy of repetition, are the following facts: Ms. Stoudt was recommended by the high school principal and superintendent for reemployment and reemployed by the Taos Board for the 1976–77 school year. School officials knew of her pregnant condition and the Taos Board nonetheless offered reemployment, which was accepted by Ms. Stoudt. Further, Ms. Stoudt wrote to the Taos Board, requesting maternity leave but no action was taken by the Taos Board on this request. Ms. Stoudt was rated better than satisfactory in her duties and capabili-

ties as a teacher. There were other unwed mothers who remained employed as teachers in the Taos Municipal Schools and no action had been taken against them. Teachers, administrators, school children and parents came to Ms. Stoudt's defense, urging that she be retained.

*We decline to promulgate guidelines as to what constitutes immoral conduct that would be good and sufficient cause for discharge of a teacher.* We decide this case solely upon the narrow confines of the facts developed here.

Based upon the undisputed facts and the failure of the Board to meet a prima facie showing that good cause existed for terminating Ms. Stoudt's employment, the action of the New Mexico State Board of Education was arbitrary, unreasonable and not supported by substantial evidence.

In view of the result which we have reached on the first issue presented, we do not address the question of violation of Ms. Stoudt's constitutional rights.

The decision and order of the State Board of Education is vacated.

IT IS SO ORDERED.