In re the Matter of the Termination of
the Administrator's Contract of
Thomas J. Briggs.

Thomas J. BRIGGS, Principal, Appellant,

v.

BOARD OF DIRECTORS OF the
HINTON COMMUNITY SCHOOL
DISTRICT, et al., Appellees.

No. 62757.

Supreme Court of Iowa.

Aug. 29, 1979.

 

Phillip S. Dandos, Sioux City, and Mohummed Sadden, South Sioux City, Neb., for appellant.

Maurice B. Nieland, of Kindig, Beebe, Rawlings, Nieland & Killinger, Sioux City, for appellees.

James L. Sayre, of Dreher, Wilson, Adams & Jensen, Des Moines, for amicus curiae Iowa Association of Elementary School Principals.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, McCORMICK, and McGIVERIN, JJ.

REYNOLDSON, Chief Justice.

This appeal involves the termination of a school administrator's contract and our first consideration of revised section 279.24, The Code 1977.

Administrator Thomas J. Briggs was elementary principal for Hinton Community School District for fourteen years prior to his termination at the close of school year 1977–78. As he had more than two years' tenure, he was a non-probationary administrator entitled to section 279.24 protections.

March 29, 1978, the Hinton board of directors voted to consider termination of Briggs' continuing contract. Thereafter all procedures mandated by section 279.24 were followed. A hearing officer was appointed who held a reported evidentiary hearing. May 17, 1978, the officer issued his proposed decision that "just cause" for contract termination had not been established. He suggested in the alternative that Briggs be placed on probationary status for the ensuing school year. Pursuant to the statutory option the board then voted to review the proposed decision and a private hearing was held. Following the hearing the board unanimously rejected the hearing officer's proposed decision. It issued its own findings of fact, conclusions of law and decision, holding there was just cause for terminating Briggs' contract.

Briggs timely petitioned for review in district court. The court held the board's decision to terminate Briggs' contract for just cause was supported by substantial evi-

dence when that record was reviewed as a whole. It affirmed the board action.

Briggs' appeal to this court raises a single issue. He contends trial court erred in finding the board's decision to terminate his contract for just cause was supported by substantial evidence in the record made before the board when that record is reviewed as a whole. We disagree and now affirm the district court decision.

### I. *Just cause.*

Section 279.24 requires that "[t]he notice [of consideration of contract termination] shall state the specific reasons to be used by the board . . . which for all administrators except superintendents shall be for just cause." While in this context we have had no occasion to define "just cause," two recent cases defining the 1973 code terminology "good cause" provide guidance. In *Hartman v. Merged Area VI Community College,* 270 N.W.2d 822, 826–28 (Iowa 1978), we applied the ejusdem generis rule to link the phrase "any good cause" with preceding statutory language, "incompetency, inattention to duty, [or] partiality." In *Johnston v. Marion Independent School District,* 275 N.W.2d 215, 216 (Iowa 1979), we held a teacher's attainment of mandatory retirement age was not a ground for "good cause" discharge.

■ In both *Hartman* and *Johnston,* the boards failed to effect timely notice pursuant to section 279.13, The Code 1973, detailing the usual termination procedures, and attempted to rely on a teacher "discharge" statute. *See* § 279.24, The Code 1973. Following amendatory acts, the 1977 and 1979 Iowa Codes simply employ the phrase "just cause" in all the contract termination statutes and the discharge statutes, for both teachers and administrators. *Cf. Board of Education v. Youel,* 282 N.W.2d 677, 680 (Iowa 1979) (teacher discharge). The term therefore must now include legitimate reasons relating to the district's personnel and budgetary requirements, *see Hagarty v. Dysart-Geneseo Community School District,* 282 N.W.2d 92 (Iowa 1979), as well as faults attributable to the administrator or teacher.

We limit this discussion to the latter facet of the phrase.

■ Decisions from other jurisdictions reflect some light on the "just cause" requirement. It has been said that

"just cause" or "good cause" cannot be reduced to a legal certainty . . . . The grounds upon which it is based must be reasonable, and there should not be an abuse of the conferred right. It must be a fair and honest cause or reason, regulated by good faith on the part of the party exercising the power.

*Quick v. Southern Churchman Co.,* 171 Va. 403, 417, 199 S.E. 489, 494–95 (1938). Generally, the focus is on the ability and fitness of the employee to discharge the duties of his or her position, and the legislative purpose to protect the public against incompetent teachers and administrators, to assure proper educational qualifications, and to maintain high standards of performance. *See Tudor v. University Civil Service Merit Board,* 131 Ill.App.2d 907, 910, 267 N.E.2d 341, 343–44 (1971); *Beebee v. Haslett Public Schools,* 406 Mich. 224, 278 N.W.2d 37 (1979); *New Mexico State Board of Education v. Stoudt,* 91 N.M. 183, 186, 571 P.2d 1186, 1189 (1977); *Powell v. Board of Trustees,* 550 P.2d 1112, 1119 (Wyo.1976). *See also Youel,* 282 N.W.2d at 680–81.

*Morrison v. State Board of Education,* 1 Cal.3d 214, 229, 461 P.2d 375, 386–87, 82 Cal.Rptr. 175, 186 (1969), provides criteria for testing whether out-of-school conduct will furnish "just cause" for discharge or loss of certificate including:

[T]he likelihood that the conduct may have adversely affected students or fellow teachers, the degree of such adversity anticipated, the proximity or remoteness in time of the conduct, the type of teaching certificate held by the party involved, the extenuating or aggravating circumstances, if any, surrounding the conduct, the praiseworthiness or blameworthiness of the motives resulting in the conduct, the likelihood of the recurrence of the questioned conduct, and the extent to which disciplinary action may inflict an

adverse impact or chilling effect upon the constitutional rights of the teacher involved or other teachers.

(Footnotes omitted.) *Morrison* supported our decision in *Erb v. Iowa State Board of Public Instruction*, 216 N.W.2d 339, 343 (Iowa 1974).

■ Probably no inflexible "just cause" definition we could devise would be adequate to measure the myriad of situations which may surface in future litigation. It is sufficient here to hold that in the context of teacher fault a "just cause" is one which directly or indirectly significantly and adversely affects what must be the ultimate goal of every school system: high quality education for the district's students. It relates to job performance including leadership and role model effectiveness. It must include the concept that a school district is not married to mediocrity but may dismiss personnel who are neither performing high quality work nor improving in performance. On the other hand, "just cause" cannot include reasons which are arbitrary, unfair, or generated out of some petty vendetta.

Against that backdrop, it seems apparent the allegations against Briggs were directed to his competence and duty performance as elementary principal. The allegations, if supported by substantial evidence, were sufficient to justify the discharge.

## II. *Substantial evidence.*

■ The statutory standards of review in section 279.24 governing dismissal of school administrators are nearly identical to those in section 17A.19(8) of the Iowa Administrative Procedure Act. Both statutes provide, *inter alia*, that the reviewing court shall grant appropriate relief if substantial rights of the petitioner or administrator have been prejudiced because the agency or board action is unsupported by substantial evidence in the record made before the agency or board when that record is reviewed as a whole. Thus we may look to administrative agency cases for assistance in determining our scope of review. *Youel*, 282 N.W.2d at 679.

■ Because in these situations the district court is itself acting in an appellate capacity to correct the errors of law specified in section 17A.19(8) (here section 279.-24) "the sole question is whether the district court correctly applied the law. In order to make that determination, this court applies the standard of section 17A.19(8) [here section 279.24] to the agency [board] action to determine whether this court's conclusions are the same as those of the district court. If the conclusions are the same, affirmance is in order. If they are not, reversal may be required." *Jackson County Public Hospital v. Public Employment Relations Board,* 280 N.W.2d 426, 429–30 (Iowa 1979). *See also Youel,* 282 N.W.2d at 679.

■ We have held that "[e]vidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion." *City of Davenport v. Public Employment Relations Board,* 264 N.W.2d 307, 311 (Iowa 1978). While the substantiality of evidence must take into account whatever in the record fairly detracts from its weight, *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456, 467 (1951), the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. *City of Davenport,* 264 N.W.2d at 311; *Reisner v. Board of Trustees of Fire Retirement System,* 203 N.W.2d 812, 814 (Iowa 1973).

■ In the case before us the board's notice to Briggs indicated that "continued deficiencies (incompetency) in the areas of staff evaluation, program evaluation, and decision making" constituted just cause to consider termination.

There was substantial evidence in the record before the board to justify the gist of its nineteen findings of fact. Briefly summarized, those findings noted deficiencies in the areas of teacher supervision, student discipline, and decision making, which deficiencies were reported by former superintendent Johnson. Similar deficiencies were found the following year, along with long-range planning difficulties. The board declined to take action on Briggs' request for

merit pay for the 1974–75 school year. In the following two years almost totally negative evaluations were filed by superintendent Fields. There was considerable evidence Briggs made oral complaints relating to teacher performance but inconsistent and superficial written evaluations of his teaching staff. Grades six through eight were removed from Briggs' jurisdiction in April, 1977, and his salary frozen. On the record, the board could have reached the conclusion Briggs was not an effective and aggressive school administrator.

The record also discloses 34 of the 35 teachers, as well as many parents, signed letters in support of Briggs' retention. Johnson's first two evaluations of Briggs also indicated areas of strength. Two teachers and one parent testified before the hearing officer in his behalf. A former superintendent stated by letter that Briggs provided effective leadership in the period 1964–68. Other evidence favorable to Briggs was introduced into evidence.

We have carefully examined the full record before the board, including the hearing officer's report, which, contrary to the board's contention, was among proffered exhibits agreed to be a part of the record. While we have reservations whether the preponderance of the evidence in the record discloses "just cause" for terminating Briggs' contract, that is not the test. Cf. *Youel*, 282 N.W.2d at 682–83 (preponderance test in teacher dismissal situation). The record does disclose substantial evidence of "just cause" for termination under the principles we have discussed.

III. *Amicus curiae issues.*

By amicus curiae brief the Iowa Association of Elementary School Principals urges that under section 279.24 the substantial evidence rule should be applied to the hearing officer's decision rather than the board's decision. It also argues section 279.24 was applied so as to violate Briggs' due process rights by allowing the board to simultaneously serve as prosecutor, judge, and jury. Neither of these issues was raised by the parties at any point in this litigation. We have held the issues in a case must be made up by the parties litigant and cannot be changed or expanded by strangers to the case. See *Sauerman v. Stan Moore Motors, Inc.*, 203 N.W.2d 191, 194 (Iowa 1972); *Lorentzen v. Deere Manufacturing Co.*, 245 Iowa 1317, 1323, 66 N.W.2d 499, 503 (1954); *State ex rel. Board of Railroad Commissioners v. Martin*, 210 Iowa 207, 209–10, 230 N.W. 540, 542–43 (1930). We therefore do not consider these contentions.

We affirm the district court ruling.

AFFIRMED.