William COOK, Plaintiff-Appellant,

v.

PLAINFIELD COMMUNITY SCHOOL DISTRICT and its Board Members, John W. Jensen, William V. Huisman, Reed Weinberg, Sharon Schrage, and Waldo Ruehs, Defendants-Appellees.

No. 2–63899.

Court of Appeals of Iowa.

Nov. 26, 1980.

Dale Goeke and Gary J. Boveia, Waverly, for plaintiff-appellant.

Gaylen V. Hassman of Engelbrecht, Ackerman & Hassman, Waverly, for defendants-appellees.

Edgar H. Bittle and Terry L. Monson of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, amicus curiae.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

OXBERGER, Chief Judge.

Plaintiff, William Cook, appeals from the district court judgment affirming defendant board's termination of his employment contract as a non-probationary school principal. We affirm.

In March of 1977, Cook received notice the board had voted to consider termination of his employment. The notice stated the following four general reasons for termination: incompetency, insubordination, unsuitable administrative methods and lack of professional growth. Sixteen specific failures of Cook were cited to support the general reasons.

Cook requested a hearing on the matter before final board action pursuant to section 279.24, The Code 1977. After many hours of often conflicting testimony from numerous witnesses, the hearing officer issued his proposed decision finding no just cause to terminate Cook's employment. The board moved to review this decision and held a private hearing where it found evidence to support a finding of just cause for termination in three areas: incompetency, insubordination and use of unsuitable administrative methods. Cook appealed to the district court which affirmed the board's decision.

■ Our review of this matter is nearly identical with review under chapter 17A. We will grant relief if substantial rights of the plaintiff have been prejudiced because the board action is unsupported by substantial evidence in the record before the board when that record is reviewed as a whole. *Briggs v. Board of Directors of Hinton Community School District,* 282 N.W.2d 740, 743 (Iowa 1979). "[T]he sole question is whether the district court correctly applied the law . . . If [this court's] conclusions are the same, affirmance is in order. If they are not, reversal may be required." *Id.*

I. Cook asserts the board and the district court applied the wrong legal standard for just cause termination. The hearing officer basically adopted the just cause standard formulated in various public and private arbitration cases. The hearing officer concluded the following criteria as a basis for a just cause termination of a nonprobationary administrator:

1. The reasons given must relate to the principal's job performance.

2. The reasons given must involve the principal's failure to perform his job as lawfully required.

3. The reasons given must involve the principal's intentional failure to perform his duties as lawfully required.

4. Any intentional failure of the principal to perform his duties as lawfully required must be repeated, significant in effect on the school system's operation or known by the principal to be grounds for termination.

5. The proven failures of the principal are beyond remediation.

Based on these criteria, the hearing officer found insufficient evidence of just cause.

The school board and the district court defined "just cause" essentially as follows: "Just cause" is some reason or reasons capable of being articulated and supported by factual evidence which involve either particular action or inaction or a chain of events or circumstances reasonably attributable to the administrator's performance as principal and which indicate qualitatively and quantitatively that there is a basis related to the job of being a school principal that would induce a reasonable person to believe that the administrator has not performed his job at a sufficiently competent level to justify his future employment in the capacity.

The district court rejected the hearing officer's definition of "just cause" as it required additional procedures not mandated by statute and did not lend itself to broad utilization.

Both the hearing officer and the district court were without benefit of recent Iowa Supreme Court decisions which considered the meaning of "just cause." *E. g. Board of Directors of Sioux City Community School District v. Mroz,* 295 N.W.2d 447 (Iowa 1980); *Smith v. Board of Education of Fort Madison Community School District,* 293 N.W.2d 221 (Iowa 1980); *Briggs v. Board of Directors of Hinton Community School District,* 282 N.W.2d 740 (Iowa 1979); *Board of Education of Fort Madison Community School District v. Youel,* 282 N.W.2d 677 (Iowa 1979).

■ These decisions recognized the necessarily flexible nature of "just cause" in an educator termination context. Where allegations against competence and duty performance are concerned, just cause is derived from conduct which "directly or indirectly significantly and adversely affects what must be the ultimate goal of every school system: high quality education for the district's students." *Briggs,* 282

N.W.2d at 743. Leadership and role model effectiveness are also to be considered. *Id.*

Cook argues the prime goal of our termination statutes is to assure job security. While this was certainly an impetus in enacting statutory procedures to insure against arbitrary termination, employment protection does not outweigh the overriding goal of excellence in education to be attained by our school systems. As stated in *Briggs*, "a school system is not married to mediocrity but may dismiss personnel who are neither performing high quality work nor improving in performance." The supreme court's delineation of just cause focuses on the ability and fitness of the employee to discharge the duties of his or her position and the legislative purpose of high quality education. We will adhere to this flexible standard and look to the particular circumstances in this case.

II. Cook asserts there was not substantial evidence to support the board's and district court's decisions. "Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion." *City of Davenport v. Public Employment Relations Board*, 264 N.W.2d 307, 311 (Iowa 1978). This is true even when two inconsistent conclusions could be drawn from the evidence. *Id.* Such is the case here. The hearing officer found insufficient evidence to support the specific allegations; whereas, upon the same evidence, the board and the district court found to the contrary on most of the alleged failures. As the board is the body mandated to decide these matters its decision along with the district court's affirmance is the one before us to determine if substantial evidence was presented to support just cause for Cook's termination.

We find the record supports the following allegations: 1) failure, inability or refusal to refrain from overt opposition of the superintendent's administration and to communicate and cooperate with the superintendent regarding school problems and issues; 2) failure, inability or refusal to maintain and complete on time the learning disabilities screening and placement pro-

gram; 3) failure, inability or refusal to promptly develop and complete staff evaluation as directed by the Board of Directors.

The underlying complaint against Cook which appears to have been growing more severe was the allegation of his uncooperative attitude and resentment toward the superintendent, to the extent of overt opposition and insubordination. Cook alleges the superintendent's actions and inexperience were the prime factors in this shortcoming. Whether this was the case or not, the board has the final say as to how best to resolve a disruptive situation. *Board of Education of Fort Madison Community School District v. Youel*, 282 N.W.2d 677, 684 (Iowa 1979). In this case there was sufficient evidence of Cook's disregard of superintendent Lau's suggestions and requests along with attempts to undermine Lau's esteem among other personnel to justify Cook's removal.

The learning disabilities program was put in jeopardy by Cook's dilatory and uncooperative behavior and by his misuse of program materials. Although the school ultimately met program time requirements, eligible students were deprived of one semester in the program because of Cook's conduct.

Teacher evaluations are required by section 279.14, The Code 1977. These are important to the school system to assure quality personnel and to the teachers for their own growth and employment protection. The board, relying on Cook's self-proclaimed expertise in this area, asked that he develop a written instrument and complete evaluations for each teacher twice a year. In the three years, Cook had only submitted one complete evaluation. Cook's efforts to achieve this task, judging from the voluminous evaluation data offered into evidence, may at best be described as pedantic. At any rate, Cook did not adequately perform this duty required of him.

What the hearing officer concluded as Cook's slowness to comply could reasonably be termed insubordination, incompetence and inattention to duties. Cook's conduct

indirectly and directly created a significant and adverse atmosphere not condusive to the achievement of high quality education in the school system. We affirm the board's decision of just cause termination.

III. Cook alleges a due process deficiency in the board's review of the initial hearing without transcript available. He further asserts the board member's participation in the hearing as witnesses precluded an impartial determination on review of the hearing officer's proposed decision.

■ The statute requires the board to hear de novo the record submitted before the hearing officer. A majority of the board was always present at the initial hearing. Furthermore, there is no indication the board's review considered evidence other than that submitted to the hearing officer. We fail to see a lack of due process in having personal observation of the "record" rather than a transcribed version of evidence offered at the initial hearing.

■ As to the allegation of the board's partiality, the district court concluded this assertion was waived by Cook's awareness, participation and failure to object at the time of the initial and review hearings. We agree and further concur with the district court's doubt that mere familiarity equals bias without further proof of personal interest.

We find sufficient evidence to support the board's action and find no violation of due process guarantees by the procedures employed.

AFFIRMED.