David P. WINANS, Plaintiff,

v.

**IOWA DEPARTMENT OF EDUCATION, Judy A. Jeffrey and Lana Michelson, Defendants.**

No. 4:04 CV 00703.

United States District Court, S.D. Iowa, Central Division.

Sept. 9, 2005.

Gordon E. Allen, Department of Justice, Des Moines, IA, Mark Hunacek, Iowa Department of Transportation, Ames, IA, for Iowa Department of Education, Judy A. Jeffrey, Lana Michelson, Defendants.

James L. Sayre, James L. Sayre, PC, Clive, IA, for David P Winans, Plaintiff.

## MEMORANDUM OPINION AND ORDER

PRATT, District Judge.

Before the Court are the parties' cross motions for summary judgment. Plaintiff filed a Motion for Summary Judgement (Clerk's No. 7) on June 29, 2005. Defendants filed a Motion for Summary Judgment (Clerk's No. 9) on July 20, 2005. Plaintiff filed his Complaint on December 16, 2004, asserting claims pursuant to 42 U.S.C. § 1983 and Iowa state law. Plaintiff alleges that Defendants violated his constitutional due process and equal protection rights when they did not provide him with a hearing prior to his termination from the Iowa Department of Education. The parties entered a Joint Stipulation of Material Facts (Clerk's No. 7). Defendants filed a Resistance to Plaintiff's Motion and the deadlines for all other responsive pleadings have expired. The matter is fully submitted.

## I. JOINT STIPULATION OF MATERIAL FACTS

The parties have stipulated to the following material facts. Plaintiff, David P. Winans ("Winans"), is a citizen of the United States and a resident of Des Moines, Iowa. The Defendant, Iowa Department of Education, is an agency of the State of Iowa, organized and existing pursuant to Chapter 256, Code of Iowa (2003), with its principal place of business in Des Moines, Iowa. Individual Defendant, Judy A. Jeffrey ("Jeffrey"), is a resident of Polk County, Iowa, and at all times material herein was the Interim Director of the Iowa Department of Education. Individual Defendant, Lana Michelson ("Michelson"), is a resident of Polk County, Iowa, and at all times material herein was the Chief of the Bureau of Children, Family and Community Services of the Iowa Department of Education and the Plaintiff's direct supervisor.

Plaintiff was employed by the Iowa Department of Education from October 22, 2001 through September 30, 2004. Plaintiff's first position at the Iowa Department of Education was as Chief of the Bureau of Instructional Services. On or about January 9, 2003, Plaintiff became an Educational Program Consultant within the Bureau of Children, Family and Community Services of the Iowa Department of Education. Plaintiff held the position of Educational Program Consultant until his termination on September 30, 2004. As an Educational Program Consultant, Plaintiff

was a member of the Iowa Department of Education's "professional staff," employed pursuant to Iowa Code, Section 256.10 (2003). As a member of the professional staff, the following statute applied to Plaintiff and reads in pertinent part:

> The professional staff shall serve at the discretion of the director. A member of the professional staff shall not be dismissed for cause without appropriate due process procedures including a hearing.

Iowa Code § 256.10(2). The preceding statute was in effect at the time of Plaintiff's termination, was referenced in Plaintiff's termination letter, and is the basis of Plaintiff's denial of due process claims.

On August 25, 2004, Jeffrey notified the Plaintiff in writing that his employment with the Iowa Department of Education would be terminated effective September 30, 2004. The termination letter, signed by Jeffrey states:

> Per the provisions of Subsection 256.10(2) of the Code of Iowa, I am notifying you by this letter that your employment with the Iowa Department of Education will be terminated effective September 30, 2004, which is the conclusion of the General Supervisions Enhancement Grant. The General Supervision[s] Enhancement Grant has been the funding source for your position as project manager.
>
> Judy Chambers will be contacting you regarding the submission of any necessary paperwork and return of your electronic building pass, identification and other property of the State of Iowa.

Ex. A. After Plaintiff received this letter, a request was made on Plaintiff's behalf for due process procedures, including a hearing, in the context of the termination of the Plaintiff, and the request was denied by Jeffrey. Plaintiff was not accorded or given any hearing regarding the termination of his employment with the Iowa Depart-

ment of Education. At all times, Defendants, Jeffrey and Michelson, were acting within the scope of their employment with the State of Iowa and both were directly involved in the facts alleged herein. Additionally, Jeffrey and Michelson were, at all times material herein, acting under "color of state law," as that term is defined in § 1983. At the time of his termination on September 30, 2004, Plaintiff's annual salary was $69,388.80, in the amount of $2,668.80 every two weeks. Plaintiff was also provided benefits through the Iowa Department of Education, which included IPERS, at an annual value of $3,989.86, health insurance at an annual value of $9,334.80, dental insurance at an annual value of $242.28, life insurance at an annual value of $7.20, and disability insurance at an annual value of $133.32.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides for summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment "is an extreme remedy, and one which is not to be granted unless the movant has established his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances." *Robert Johnson Grain, Co. v. Chem. Interchange Co.*, 541 F.2d 207, 209 (8th Cir.1976) (citing *Windsor v. Bethesda Gen. Hosp.*, 523 F.2d 891, 893 n. 5 (8th Cir.1975)). Summary judgment is properly granted when the record, viewed in the light most favorable to the nonmoving party and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact,

and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Walsh v. United States*, 31 F.3d 696, 698 (8th Cir.1994); *United States v. City of Columbia*, 914 F.2d 151, 153 (8th Cir. 1990). In motions for summary judgment, the court must identify what are the issues of law in the case in order to identify what are the material facts.

## III. SECTION 1983

42 U.S.C. § 1983 provides for civil relief when an individual is deprived "of any rights, privileges, or immunities secured by the Constitution and laws" when that deprivation is done "under color of law." 42 U.S.C. § 1983. Plaintiff claims that he was deprived of his due process rights secured by the Fourteenth Amendment. The due process clause of the Fourteenth Amendment provides that no state "shall deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. There are two types of rights secured by the due process clause: procedural due process rights and substantive due process rights. Winans claims the Defendants violated both his substantive and procedural due process rights, however, his arguments support only a claim for denial of procedural due process.[1] Specifically, his procedural claim is that he was deprived of a hearing prior to his termination, which resulted in a deprivation of his employment interests without due process of law.

■ The purpose of procedural due process rights "is straightforward: the Due Process Clause provides that certain substantive rights—life, liberty and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Edu. v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). To establish a claim, a plaintiff must first show that the defendants infringed on a cognizable protected interest and then show that he or she was deprived of that interest without sufficient process. *Swipies v. Kofka*, 419 F.3d 709, 710 (8th Cir.2005). The current case arises in the context of an employment relationship. In an employment situation it is possible for there to be both cognizable property interests and cognizable liberty interests. The property interest concerns an individual's "right to keep [his or her] job for a certain period of time." *Singleton*, 176 F.3d at 431. "The liberty interest concept refers to the interest in [his or her] own reputation, and embodies the right not to be stigmatized at the time of discharge, unless some sort of fair procedure establishes that the stigma is appropriate." *Id.* In other words, a liberty interest is at issue

---

1. Plaintiff's brief in support of his Motion for Summary Judgment claims that "he was denied both procedural and substantial due process in the context of the termination of his employment with the Defendant, Iowa Department of Education." Pl.'s Br. at 6. The Court assumes that Plaintiff intended to write "substantive" in place of "substantial," but regardless, Plaintiff makes no assertions that governmental power was exercised arbitrarily and oppressively. *See Singleton v. Cecil*, 176 F.3d 419, 431 (8th Cir.1999) (Arnold, R., dissenting) ("Substantive due process, on the other hand, has nothing to do with procedures, hearings, contracts of employment for fixed periods, stigmatizing reasons for dismissal, or any other particularized kind of governmental conduct. The concept is much more general. As the Supreme Court has recently explained, a substantive-due-process violation takes place when governmental power is exercised arbitrarily and oppressively.") (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)).

when the government imposes a "stigma or other disability that foreclosed [an individual's] freedom to take advantage of other employment opportunities." *Bd. of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The present case does not concern a liberty interest since Plaintiff's reputation was not tarnished by the Iowa Board of Education's decision to terminate Plaintiff for budgetary reasons. Instead, in the present case, Plaintiff's argument is that he was deprived of a property interest in continued employment without due process. The Court must first determine whether Plaintiff held a property interest in continued employment.

### A. Creation of a Property Interest in Continued Employment

"Property interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law ....' " *Loudermill*, 470 U.S. at 538, 105 S.Ct. 1487 (quoting *Roth*, 408 U.S. at 577, 92 S.Ct. 2701). The Iowa statute upon which Plaintiff relies in order to assert a property interest is entitled "Employment of professional staff," and reads in pertinent part:

> Appoints to the professional staff of the department shall be without political party affiliation, religious affiliation, sex, or marital status, but shall be based solely upon fitness, ability, and proper qualifications for the particular position. The professional staff shall serve at the discretion of the director. A member of the professional staff shall not be dismissed for cause without appropriate due process procedures including a hearing.

Iowa Code § 256.10(2). It is undisputed that Plaintiff requested and did not receive a pre-termination hearing. However, Defendants argue that no hearing was neces-

sary because the Iowa statute does not create a constitutionally protectable interest for two reasons: 1) the professional staff serves at the discretion of the director; and 2) "for cause" refers to only situations when an individual is terminated for misconduct. The Court will examine each of the Defendants' arguments in turn.

The Defendants first argue that since professional employees "serve at the discretion of the director," the provision that provides for "appropriate due process procedures including a hearing," creates no property interest. *See* Defs.' Br. at 6 ("Plaintiff may have had a right to a hearing, but not to a job; at the very most, there has been a statutory violation, not a constitutional one."). In support of this argument, the Defendants cite *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), and *Forrester v. Bass*, 397 F.3d 1047 (8th Cir.2005). In both cases it was held that there was no violation of due process rights. However, neither of the cited cases arise in the context of an employment relationship, and as the Court will explain below, both are further distinguishable from the present case.

The Supreme Court, in *Olim*, discussed how regulations that govern prisoner transfers may or may not create a cognizable liberty interest in individual prisoners. In that case, the plaintiff complained that he was transferred from one prison to another without a proper hearing. The Supreme Court held that although there were regulations present, which were not followed, since the regulations placed "no substantive limitations on official discretion," the regulations created "no liberty interest entitled to protection under the Due Process Clause." *Olim*, 461 U.S. at 249, 103 S.Ct. 1741. However, as discussed earlier, at issue in the present case is not a state created liberty interest, but a

state created property interest. State created property interests were not at issue in the *Olim* decision. The Eighth Circuit, in *Forrester*, discussed the *Olim* holding and further identified the distinction between state created property rights and state created liberty rights:

> In *Board of Regents v. Roth*, 408 U.S. 564, 576, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Supreme Court defined a property interest as an interest "a person has already acquired in specific benefits." The Court explained that to have a property interest in a benefit, an individual claiming the interest "must have more than an abstract need or desire ....[or] a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."

*Forrester*, 397 F.3d at 1055 (quoting *Roth*, 408 U.S. at 576–77, 92 S.Ct. 2701). In contrast, "[t]he most common manner in which a State creates a liberty interest is by establishing 'substantive predicates' to govern official decision making, and further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met." *Id.* (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 462–63, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)). The *Forrester* case concerned certain Missouri social services statutes, and the Eighth Circuit held that the Missouri statutes at issue "did not create specific, constitutionally protected property or liberty interests in state-created investigative, preventive and protective social services." *Id.* at 1057.

■ A property interest was not created by the Missouri statute because "in order to have a legitimate entitlement, the benefit must be specific, i.e. clearly definable, and we provided several examples of clearly definable benefits including public assistance, social security income, and unemployment benefits." *Id.* at 1056. In contrast to the Missouri statutes at issue in *Forrester*, which concerned general social services, the Iowa statute, in this case, identifies a clearly definable benefit in continued employment until a hearing is held. Like public assistance, social security income, and unemployment benefits, the Iowa statute clearly specifies that the property interest is in continued employment for professional employees, such that Plaintiff has "more than an abstract need or desire for the benefit or a unilateral expectation of receiving it, but instead ... a legitimate claim of entitlement." *Roth*, 408 U.S. at 576, 92 S.Ct. 2701. Accordingly, The Court finds that the Iowa statute creates a property interest in individuals for continued employment under the Fourteenth Amendment. The Court now turns to Defendants second argument that if a property interest is created by the statute, the interest does not extend to situations where a professional employee is fired for reasons other than personal misconduct.

The final line in the statute reads: "A member of the professional staff shall not be dismissed *for cause* without appropriate due process procedures including a hearing." Iowa Code § 256.10(2) (emphasis added). The parties disagree on whether "for cause" includes terminations due to budgetary concerns. "For cause" is not defined in the Iowa statute, nor are there any Iowa cases before the Court which concern this specific statute. The Court accordingly, looks to other Iowa cases that have discussed the term "cause" in the employment context and to principles of statutory construction.

> In construing a statute, we focus on the intent of the legislature ... looking first and foremost to the language it chose in creating the act to determine its intent. We read the statute as a whole and give it its plain and obvious meaning, a sensible and logical construction, which does not create an impractical or absurd result. If necessary, we may also look to

prior decisions of this court and others, similar statutes, dictionary definitions, and common usage to aid our interpretation.

*Heartland Express v. Gardner,* 675 N.W.2d 259, 262 (Iowa 2003) (internal quotations and citations omitted). In discussing what is the meaning of the term "just cause," the Iowa courts have held: "Just cause cannot include reasons which are arbitrary, unfair, or generated out of some petty vendetta." *Briggs v. Bd. of Dirs. of Hinton Comm. Sch. Dist.,* 282 N.W.2d 740, 743 (Iowa 1979). Additionally, "the term [just cause] therefore must now include legitimate reasons relating to the district's personnel and budgetary requirements, as well as faults attributable to the administrator and teacher." *Briggs,* 282 N.W.2d at 742 (internal citation omitted)[2]; *see also West Des Moines State Bank v. Brunswick Corp.,* 483 N.W.2d 338, 342 (Iowa App. 1992) ("Mercury Marine argues the parties contractually agreed to the specific events which would constitute a breach of the contract by DMBC which would give rise to an immediate termination for cause. One of those reasons, insolvency, existed at the time DMBC's contract was terminated."). If the term "just cause" includes terminations for budgetary requirements, it follows that termination for budgetary requirements is indeed a "cause," which would trigger the due process procedures promised by the Iowa statute.

Such a construction does not render the term "for cause" meaningless as Defendants argue. It simply means that when the Iowa Board of Education states a reason or "cause" for discharge, which it may not be obligated to do depending on the individual employee and the terms of their employment, the right to due process protections is triggered. Generally, "for

cause" is a term that is used as an opposite for "at-will." "[T]he basic nature of an at-will employment [is that] an employer can terminate [ ] employee for any reason or no reason at all, so long as the reason does not violate public policy." *Theisen v. Covenant Med. Ctr.,* 636 N.W.2d 74, 81 (Iowa 2001) (citing *Schoff v. Combined Ins. Co. of Am.,* 604 N.W.2d 43, 47 (Iowa 1999)); *Fogel v. Trustees of Iowa College,* 446 N.W.2d 451, 455 (Iowa 1989). At times an individual's position or specific employment contract may not allow an employer to fire that individual "at-will." Additionally, whether an employee is fired "for cause" or "at-will," may also determine the amount of severance benefits they receive. *See Kerndt v. Rolling Hills Nat'l Bank,* 558 N.W.2d 410, 415 (Iowa 1997) ("In *Stockwell,* the Florida court asserted that an agreement which provided for severance benefits if an officer were terminated without cause did not limit the bank's ability to fire its officers at will.") (citing *Citizens Nat'l Bank & Trust Co. v. Stockwell,* 675 So.2d 584, 586 (Fl.1996)). If an employer could fire an employee "at-will," a hearing would be futile, since employers have no responsibility to state a cause for termination. However, when an employer does state a cause for termination, a hearing may be held to discuss the validity of the reason stated. Whether Plaintiff could have presented any evidence at a pretermination hearing, to sway the decision of the director, remains to be determined when discussing the appropriate remedy for a denial of due process claim. There is nothing before this Court that persuades it to believe that the Iowa legislature intended to limit "for cause" to only situations where an employee was fired for personal misconduct. The proper interpretation of the statute, therefore, is that if the em-

---

**2.** The *Briggs* court also distinguished between the terms "good cause" and "just cause" and concluded that while "good cause" included only personal misconduct, "just cause" incorporated other legitimate reasons as well.

ployer states a reason for the discharge, as opposed to termination without explanation in an at-will situation, the employee is terminated "for cause" triggering application of proper due process procedures.

## B. *What Process is Due?*

 In a procedural due process claim it is not enough to merely have a protected interest. A plaintiff must also "show that he or she was deprived of that interest without sufficient process, i.e., without due process." *Swipies*, at 715 (citing *Clark v. Kansas City Mo. Sch. Dist.*, 375 F.3d 698, 701 (8th Cir.2004)). The Iowa statute which created the property interest at issue provides for a pre-termination hearing. However, the question of what process is due is not defined by the Iowa statute, but by federal law. "[A] state statute cannot dictate what procedural protections must attend a liberty [or property] interest—even a state created one—as this is the sole province of federal law." *Swipies*, at 716 (citing *Loudermill*, 470 U.S. at 540–41, 105 S.Ct. 1487); *see also Vitek v. Jones*, 445 U.S. 480, 491, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) ("[M]inimum procedural requirements are a matter of federal law, they are not diminished by the fact that the State may have specified its own procedures that it may deem adequate for determining the preconditions to adverse official action."). At a minimum, the due process clause ensures that before an individual is deprived of his or her life, liberty, or property, that individual must be given "the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). To be heard at a meaningful time in regards to a property interest in employment means that a pre-termination hearing is necessary, but "need not be elaborate." *Loudermill*, 470

U.S. at 545, 105 S.Ct. 1487. It is essential that the individual is given "notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Id.*

In the present case, the Plaintiff did receive notice of his termination. It is, however, uncontested that he was afforded no due process procedures, in that he, at a minimum was not given the opportunity to present any reasons why he should not be terminated. As those opportunities are "fundamental due process requirement[s]," and as there is no factual dispute to that point, the Court finds as a matter of law that Plaintiff was deprived of his property interest in continued employment without due process.

## III. REMEDY

Plaintiff's Motion for Summary Judgment seeks only a ruling on "all questions of liability." Accordingly, the question of what is the appropriate remedy for the constitutional deprivation remains before the Court. Plaintiff's Motion for Summary Judgment, however, summarily asserts: "The remedies of an individual, entitled to procedural due process, and terminated without it, is entitled to reinstatement and back pay." Pl.'s Br. at 10 (citing *Mount Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 285–286, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Kendall v. Bd. of Edu. of Memphis City*, 627 F.2d 1, 6 (6th Cir.1980); *and Wagle v. Murray*, 546 F.2d 1329, 1336 (9th Cir.1976), *cert denied*, 434 U.S. 1014, 98 S.Ct. 729, 54 L.Ed.2d 758 (1978)). Plaintiff's Complaint also seeks punitive damages against the individual Defendants for willful and wanton denial of constitutional rights, attorney fees under 42 U.S.C. § 1988, and costs. *See Royal v. Kautzky*, 375 F.3d 720 (8th Cir.2004). There are,

however, various factual issues in dispute before the Court that may determine the appropriate remedy in this case.

■ "Rights, constitutional and otherwise, do not exist in a vacuum. Their purpose is to protect persons from injuries to particular interests ..." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307–8, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986). "Once the plaintiff has established a deprivation of constitutional rights, the burden of proof shifts to the defendant to demonstrate that the deprivation of constitutional rights did not cause the plaintiff's injury." *Mt. Healthy Bd. of Edu. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). If Defendants can demonstrate that even if Plaintiff was given a pre-termination hearing, he would have been fired, Plaintiff is only entitled to nominal damages. *See Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) ("Common-law courts traditionally have vindicated deprivations of certain 'absolute rights' that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.") Whether or not Plaintiff could have presented reasons at a hearing which would have caused him not to be terminated and whether or not the individual Defendants acted in willful and wanton disregard for Winan's constitutional rights remains to be discovered at trial.

## IV. CONCLUSION

In the present case, at issue is not an abstract entitlement to social services or an interest to not be transferred between prisons. Instead, at issue is a clearly definable property interest in continued employment, that the statute dictates cannot be taken away until a hearing is held. That the ultimate decision whether or not to terminate employment lies in the discretion of the director does not preclude the creation of a cognizable property interest. Since it is undisputed that Plaintiff was given no opportunity to respond to the notice that he was being terminated, as a matter of law, Defendants' violated Plaintiff's procedural due process rights. Plaintiff's state law claim, seeking only damages in the form of lost wages and other benefits, however, is barred by the Eleventh Amendment. *See Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 542, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002).

For the reasons stated herein, Defendants' Motion for Summary Judgment (Clerk's No. 9) is GRANTED in regards to Plaintiff's State Law Claim, but DENIED in regards to Plaintiff's § 1983 claim. Plaintiff's Motion for Summary Judgment as to his § 1983 claim (Clerk's No. 7) is GRANTED. The determination of the proper damages to be awarded remains before the Court.

IT IS SO ORDERED.