247 N.W.2d 919 (1976)
Gordon Gene OBERMEYER, Appellant,
v.
SCHOOL BOARD, INDEPENDENT SCHOOL DISTRICT NO. 282, et al., Respondents.
No. 46483.
Supreme Court of Minnesota.
December 3, 1976.
Wetherbee & Baker and Jack Baker, Minneapolis, for appellant.
Peterson, Popovich, Knutson & Flynn and James E. Knutson, St. Paul, for respondents.
Considered and decided by the court without oral argument.
PER CURIAM.
On July 8, 1975, appellant, a teacher in respondent school board's district, requested a leave of absence pursuant to Minn.St. 125.12, subd. 7, to obtain treatment for alcoholism. On July 14 he pleaded guilty to, and was convicted of, taking indecent liberties with a minor male student in the preceding month. On July 29 the school board passed a resolution proposing to discharge appellant immediately pursuant to § 125.12, subd. 8, based on this conviction and on immoral conduct. The resolution provided that appellant be given notice of the proposed discharge and of the facts that he was entitled to request a hearing and that, if requested, it would be held August 20, 1975. Upon appellant's request the hearing was held on that date. On August 22 the board discharged appellant for immoral conduct and at the same time determined that his request for a leave of absence was moot because he was no longer an employee of the district.
*920 Appellant, contending that this discharge hearing was void, applied for a writ of mandamus to compel the board to conduct a hearing to determine the existence of a statutory disability, as set forth in Minn.St. 125.12, subd. 7, prior to conducting a hearing on discharge. After a hearing, the district court denied the application, and this appeal followed.
The problem arises out of the interpretation of Minn.St. 125.12, subds. 7 and 8.[1] Appellant contends that the statute imposes a clear and affirmative duty on the school board to conduct a hearing for the purpose of determining whether or not appellant is statutorily disabled and to conduct that hearing prior to holding a discharge hearing. A mere reading of the statute makes clear that appellant is reading into it something which it does not provide. Subd. 7 does not provide that suspension and leave of absence must be granted upon request of the teacher. The language used clearly shows that the intent of the legislature was to prevent a school board from discharging a teacher solely on the ground of serious mental or physical disability until a period of 12 months elapsed. The statute does not prevent a school board from discharging a teacher for other grounds set forth in subd. 8. That subdivision provides that a school board may discharge a teacher immediately on any grounds set forth therein. Subd. 8(a) provides for discharge for immoral conduct. Continuous physical and mental disabilities, *921 subsequent to 12 months' leave of absence, subd. 8(f), is merely another ground for discharge. The statute, particularly subd. 7, does not create a right, or a duty which the teacher can compel the school board to perform. The statute is very clear that subd. 7 in no manner limits a discharge pursuant to subds. 8(a) to 8(e).
Affirmed.
NOTES
[1] Minn.St. 125.12, subds. 7 and 8, provide as follows: "Subd. 7. Affliction with active tuberculosis or other communicable disease, mental illness, drug or alcoholic addiction, or other serious incapacity shall be grounds for temporary suspension and leave of absence while the teacher is suffering from such disability. Unless the teacher consents, such action shall be taken only upon evidence that suspension is required from a physician who has examined the teacher. The physician shall be competent in the field involved and shall be selected by the teacher from a list of three provided by the school board, and the examination shall be at the expense of the school district. A copy of the report of the physician shall be furnished the teacher upon request. If the teacher fails to submit to the examination within the prescribed time, the board may discharge him, effective immediately. In the event of mental illness, if the teacher submits to such an examination and the examining physician's or psychiatrist's statement is unacceptable to the teacher or the board, a panel of three physicians or psychiatrists shall be selected to examine the teacher at the board's expense. The board and the teacher shall each select a member of this panel, and these two members shall select a third member. The panel shall examine the teacher and submit a statement of its findings and conclusions to the board. Upon receipt and consideration of the statement from the panel the board may suspend the teacher. The board shall notify the teacher in writing of such suspension and the reasons therefor. During the leave of absence the teacher shall be paid sick leave benefits by the district up to the amount of his unused accumulated sick leave, and after it is exhausted the district may in its discretion pay him additional benefits. The teacher shall be reinstated to his position upon evidence from such a physician that he has made sufficient recovery and is capable of resuming performance of his duties in a proper manner. In the event that the teacher does not qualify for reinstatement within twelve months after the date of suspension, his continuing disability may be a ground for discharge under subdivision 8.

"Subd. 8. A school board may discharge a continuing-contract teacher, effective immediately, upon any of the following grounds:
"(a) Immoral conduct, insubordination, or conviction of a felony;
"(b) Conduct unbecoming a teacher which requires the immediate removal of the teacher from his classroom or other duties;
"(c) Failure without justifiable cause to teach without first securing the written release of the school board;
"(d) Gross inefficiency which the teacher has failed to correct after reasonable written notice;
"(e) Willful neglect of duty; or
"(f) Continuing physical or mental disability subsequent to a twelve months leave of absence and inability to qualify for reinstatement in accordance with subdivision 7.
"Prior to discharging a teacher the board shall notify the teacher in writing and state its ground for the proposed discharge in reasonable detail. Within ten days after receipt of this notification the teacher may make a written request for a hearing before the board and it shall be granted before final action is taken. The board may, however, suspend a teacher with pay pending the conclusion of such hearing and determination of the issues raised therein after charges have been filed which constitute ground for discharge."