Frank A. SMITH, Appellant,
Cross-Appellee,

v.

The BOARD OF EDUCATION OF the FORT MADISON COMMUNITY SCHOOL DISTRICT and the Fort Madison Community School District, Appellees, Cross-Appellants.

No. 63718.

Supreme Court of Iowa.

June 18, 1980.

James L. Sayre, of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for appellant, cross-appellee.

R. L. Fehseke, of Fehseke & Fehseke, Fort Madison, for appellees, cross-appellants.

Considered by REYNOLDSON, C. J., and REES, UHLENHOPP, ALLBEE and McGIVERIN, JJ.

REES, Justice.

Plaintiff Frank A. Smith, a tenured guidance counselor at the Fort Madison High School, appeals from the termination of his employment by the school board of the Fort Madison Community School District. The school board also appeals from an adverse ruling by the district court on an additional issue. We affirm in part and reverse in part the judgment and decree of the district court.

Smith was a counselor employed by the school district prior to and including the 1976–77 school year. During the course of that and the preceding school year, it became apparent that he was having difficulties fulfilling his official duties and that he was preoccupied with personal problems including marital separation and child custody disputes. On March 15, 1977, pursuant to an agreement between Smith and the district superintendent and as an alternative to immediate termination proceedings, Smith went on an extended sick leave and sought professional psychiatric help. Under the agreement he would remain on sick leave until such time the psychiatrist "certifies to the School District that he is fully capable of returning to his duties as a counselor," when he would return to work for a thirty-day probationary period.

Smith was diagnosed by the agreed-upon psychiatrist, a Dr. Pineda, to suffer from a paranoid condition. When asked by the superintendent, Dr. Pineda on May 3 of 1977, said that he could not determine when Smith would be fully capable of returning to work, would not certify Smith to be fully capable to return, but did say that Smith could try returning to his duties. As the superintendent concluded that the decision of the psychiatrist did not meet the standard set in the agreement, Smith was not given a trial period. The superintendent suggested additional evaluation by another psychologist, which Smith evidently declined.

On August 18, 1977, pursuant to "Section 279.24, The Code 1975, as amended" (now section 279.27, The Code 1979), the superintendent notified plaintiff that he was recommending the immediate termination of his employment and was suspending Smith without pay pending the hearing on his termination. Inattention to duty, failure to maintain an effective working relationship with peers and incompetence were cited as constituting "just cause" required by section 279.27, The Code.

As mandated by section 279.16, a hearing was held before the school board on January 6 and 10, 1978. On January 19 the school board issued its decision finding just cause to exist for termination on the aforementioned grounds. Smith then appealed the decision of the board to an adjudicator, as is his prerogative under section 279.16, The Code. On July 15, 1978, the adjudica-

tor affirmed the termination ruling. Pursuant to sections 279.17 and 279.18, Smith rejected the adjudicator's decision and appealed to the district court.

Following a hearing and the submission of briefs, the district court filed its findings of fact and conclusions of law on April 9, 1979. It ruled: (1) the question of whether the superintendent possessed authority to suspend the plaintiff without pay was properly before it; (2) the superintendent lacked authority to suspend Smith without pay and Smith should have been paid up to the date of his termination; (3) the board did not breach the March 15, 1977 agreement with Smith in terminating his employment; and (4) a preponderance of the competent evidence before the board supported the termination decision.

On June 22, 1979, Smith filed his notice of appeal to this court. On the same date, the school district and board filed their notice of cross-appeal.

We thus find the following issues presented for resolution:

(1) Did the school board act in violation of its March 15, 1977, agreement in terminating Smith's employment?

(2) Was the school board's finding of just cause for termination as required by section 279.15(2) supported by a preponderance of the competent evidence in the record made before the board?

(3) Should the testimony of a witness, used exclusively for rebuttal purposes, not have been admitted because he was not listed as one who would address the board as required by section 279.15(2) The Code?

(4) Was the issue of whether the superintendent possessed authority to suspend the plaintiff without pay properly before the district court?

Preliminarily, we note that the scope of our review in teacher termination cases is limited to the seven grounds listed in section 279.18. We make anew the determinations of the district court specified in section 279.18, much as we do in addressing appeals from administrative decisions under chapter 17A, The Code. *Board of Educa-*

*tion v. Youel,* 282 N.W.2d 677, 679 (Iowa 1979).

■ I. Smith first contends that the school board breached its March 15, 1977 agreement with him in terminating his employment with the school district when he was not allowed a thirty-day trial period prior to termination. His position is based on the premise that Dr. Pineda's statement that Smith could try to return to counseling complied with the requisite language in the agreement, that Smith was "fully capable" of returning to his duties. He further points to the testimony of Dr. Pineda at the termination hearing that psychiatry is not an exact science and that he could never certify a person to be "fully capable" of functioning in a particular role. Thus Pineda's statement that although Smith was suffering from a paranoid condition, he could try to return to work is argued to be in compliance with the agreement. Both the adjudicator and the district court found that the standard contained in the agreement had not been met and that the agreement had thus not been breached. We agree.

Smith contends that the agreement should be construed against its maker, the superintendent, and that, once the agreement is so construed, Dr. Pineda's statement that he could try returning to work triggered application of the thirty-day trial period. Assuming, without deciding, that the agreement term is ambiguous or otherwise subject to construction, we do not find that the "fully capable" requirement can reasonably be construed to comport with Dr. Pineda's statement and his diagnosis of Smith at that time. It was agreed that Smith would consult a psychiatrist, the underlying assumption being that a mental disorder was the cause of his difficulties in fulfilling his duties. Dr. Pineda found Smith to have a paranoid condition, a diagnosis which had not been revised at the time he made his statement to the superintendent. No improvement in his condition was shown which could approach a finding of full capability.

Dr. Pineda's later statement at the termination hearing that he could not professionally certify anyone fully capable of fulfilling a particular function does not bring his "can try" statement into even substantial compliance with the contractual standard. We find no breach of the agreement. In so holding, we do not mean to discourage attempts at conciliation or other remedial measures undertaken by teachers and school administrators to avoid the necessity of formal termination proceedings under chapter 279. *See Lyons v. Sullivan*, 602 F.2d 7 (1st Cir.), cert. denied 444 U.S. 876, 100 S.Ct. 159, 62 L.Ed.2d 104 (1979); *Abramovich v. Board of Education*, 62 A.D.2d 252, 403 N.Y.S.2d 919 (1978).

II.  Smith next contends that the record of his hearing before the school board does not establish the existence of "just cause" for his termination. As previously stated, Smith's employment was terminated for reasons of inattention to duty, failure to maintain an effective working relationship and incompetence. He posits that these grounds are symptomatic of his paranoid mental condition, from which he was no longer suffering at the time of the hearing. We find merit in his contention which, on the facts of this particular case, requires reversal of the school board's decision.

We have recognized the necessarily flexible nature of "just cause" in the teacher termination context, *Briggs v. Board of Directors*, 282 N.W.2d 740, 742–43 (Iowa 1979), although under section 279.27, applicable here, the term has a narrower meaning than under section 279.15. *See DeShon v. Bettendorf Community School District*, 284 N.W.2d 329, 331–32 (Iowa 1979); *Board of Education v. Youel*, 282 N.W.2d 677, 680–82 (Iowa 1979); *Johnston v. Marion Independent School District*, 275 N.W.2d 215, 216 (1979). A section 279.27 dismissal must usually relate to some specific personal fault of the educator, *Hartman v. Merged Area VI Community College*, 270 N.W.2d 822, 826 (Iowa 1978). The decision of the school board to terminate must be supported by a preponderance of the competent evidence. *Youel*, 282 N.W.2d at 679–80; § 279.18(6).

Were it not for the presence of uncontroverted expert testimony in the record that the grounds for Smith's termination were symptomatic of his mental illness, we would have no difficulty in sustaining the board's decision on those grounds. *See Youel*, 282 N.W.2d at 681–82. Despite knowledge that Smith's difficulties were the result of mental difficulties, as confirmed by Dr. Pineda's evaluation which he reiterated at the termination hearing, the board did not treat Smith's case as one of medical incapacitation. Under these circumstances the fault concept which we have applied under section 279.27 is of limited applicability and a different set of considerations is more appropriate.

Just cause for termination of a teaching contract may be found as the result of mental or physical disability. *See, e.g., Fisher v. Church of St. Mary*, 497 P.2d 882, 884–85 (Wyo. 1972). Among the appropriate factors to consider are the nature and extent of the duties required by the contract, the character and possible duration of the illness, the needs of the employer and the extent to which the duties can be performed by another. We further note that several states have specific statutory limitations and procedures regarding teacher termination for mental or physical disability, *see, e.g., Board of Trustees v. Porini*, 263 Cal.App.2d 784, 789, 70 Cal.Rptr. 73, 76–77 (1968) (maximum sick leave of two years); *Obermeyer v. School Board*, 311 Minn. 232, 234–35, 247 N.W.2d 919, 920 (1976) (statute preventing discharge until twelve months have elapsed)[1], and that a legislative delineation of rights and procedures in this area would be welcome. Absent statutory enactment we conclude that the aforementioned criteria must be considered by a school board when considering

1.  The length of these sick leave periods is likely legislative recognition of the interest a tenured educator has in his or her position beyond the current school year. Acknowledging this interest and without setting any specific time limitations, we note that a lengthy or permanent disability would be necessary to justify termination for medical reasons.

the termination of a teaching contract for medical reasons pursuant to section 279.27.

█ We are constrained to hold, on the facts of this case, the grounds stated by the superintendent in his notice to Smith did not constitute "just cause" as required by section 279.27. The record discloses that the parties were aware that Smith's teaching difficulties were the result of mental illness, as indicated by their initial agreement and confirmed by Dr. Pineda. The temporary nature of this disability is further evidenced by Dr. Pineda's statement at the termination hearing that Smith was no longer suffering from a paranoid condition. Any termination of Smith's contract should have proceeded on the ground of mental disability and involved, at minimum[2], evaluation of the earlier mentioned factors, rather than treating the symptoms of his malady as volitional acts. The decision of the school board terminating Smith's contract must therefore be reversed. As our review, like the evidence presented to the school board, see section 279.16, is limited to the reasons stated by the superintendent in the termination notice, we reserve comment upon any validity which the medical ground may possess.

█ III. In the event further proceedings may be initiated to terminate Smith's contract we will address an evidentiary issue presented by the parties. Smith contends that the board should not have heard the testimony of the high school principal at Keokuk, where Smith had taught as a substitute during his suspension, due to the fact that he had not been listed as a witness who would testify in support of the superintendent's recommendation. The board contends that the admission of the principal's testimony, solely for purposes of rebutting testimony by Smith, was not violative of section 279.15. Our evaluation of section 279.15 leads us to agree with the board's position.

Section 279.15 requires the secretary of the board to "at least five days before the hearing . . . furnish to the teacher any documentation which may be presented to the board at the private hearing and a list of persons who may address the board in support of the superintendent's recommendation at the private hearing." Similar notice is required of the teacher three days in advance of the hearing. Since the principal was not listed by the board, Smith argues that his testimony is completely barred. We do not find this position consistent with what we perceive to be the legislative purpose in requiring advance notice of witnesses: to enable both parties to better present their respective cases by facilitating advance preparation of cross-examination questions and possible rebuttal testimony. A rebuttal witness could not be listed by the board when the teacher's list of witnesses may not be received for an additional two days. We conclude that the legislature intended the witness lists to only limit testimony in presenting each side's case in chief and therefore hold that the school board did not err in admitting the principal's testimony. Any testimony thus received must be strictly limited, as here, to rebutting specific propositions advanced by the other party and not delve into the general merits of the hearing.

█ IV. The school board cross-appeals from the decision of the district court ruling that the superintendent was without power to suspend Smith without pay pending the hearing, contending that such an issue is outside the scope of the district court's review of a chapter 279 termination under section 279.18. We find merit in this contention and reverse this portion of the trial court's judgment and decree.

Section 279.18 provides for judicial review of the decisions of the adjudicator and/or the school board. The scope of these decisions is limited by section 279.16 to determining the existence of just cause for termination ("The evidence at the private hearing shall be limited to the specific

---

2. Any applicable provisions of collective bargaining agreements may also provide guidance. See § 20.9, The Code.

reasons stated in the superintendent's notice of recommendation of termination."). Given this limited scope of the decision, subject to judicial review under chapter 279, we hold that the issue of the validity of Smith's suspension without pay was not properly before the court, but would properly be the subject of a separate action. *Accord, Brown v. Romero*, 77 N.M. 547, 550–51, 425 P.2d 310, 313 (1967). *McFarland v. Board of Education*, 277 N.W.2d 901 (Iowa 1979), in which we held that a superintendent was without authority to suspend a teacher without pay, is distinguishable as in that case the decision of the school board involved a direct ratification of the suspension without pay rather than termination of employment. Such is not the case here.

V. In summary, we hold: (1) the school board did not breach its agreement with Smith in commencing termination proceedings; (2) the record does not disclose that the grounds stated by the superintendent in his notice of recommended termination constitute just cause on the facts of this case; (3) the board did not err in admitting the testimony of a witness not listed by the superintendent solely for rebuttal purposes; and (4) the district court erred in ruling on Smith's claim that he could not be suspended without pay in this proceeding. The judgment and decree of the district is therefore affirmed in part and reversed in part on appeal, and reversed on cross-appeal.

AFFIRMED IN PART AND REVERSED IN PART ON APPEAL; REVERSED ON CROSS–APPEAL.

All Justices concur, except REYNOLDSON, C. J., who dissents.