BOARD OF DIRECTORS OF the SOUTH WINNESHIEK COMMUNITY SCHOOL DISTRICT, Plaintiff-Appellant,

v.

Betty SEXTON, Defendant-Appellee.

No. 2–67882.

Court of Appeals of Iowa.

April 8, 1983.

Richard R. Phillips and Edgar H. Bittle of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for plaintiff-appellant.

James L. Sayre of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for defendant-appellee.

SNELL, Judge.

Plaintiff-school board appeals from district court decision affirming an adjudicator's reversal of its decision to terminate defendant's teaching contract. We affirm.

On March 9, 1981, the superintendent of South Winneshiek Community School District served upon defendant Betty Sexton a notice and recommendation to terminate her teaching contract, pursuant to Iowa Code section 279.15 (1983). Defendant had been employed in the teaching profession for twenty-nine years; nineteen of which were at South Winneshiek. She was teaching middle school math and social studies. Four reasons were specified in the document for the recommendation: (1) unsuitable teaching methods, (2) insubordination, (3) inappropriate discipline, and (4) inability to communicate and relate with students.

Following a private hearing held before the Board of Directors of the South Winneshiek Community School Board, the school board voted to adopt the superintendent's recommendation and to terminate defendant's contract. Pursuant to section 279.17, defendant appealed the decision of the board to an adjudicator. The adjudicator reversed the board's decision on the grounds that the decision was unsupported by a preponderance of the competent evi-

dence in the record, and was unreasonable and characterized by an abuse of discretion. The Board of Directors then appealed to the district court pursuant to section 279.18, in the nature of judicial review. Upon the court's affirmance of the adjudicator's decision, the board filed this further appeal, in which it asserts: (1) that substantial record evidence supported the board's decision that just cause for termination existed; (2) that the board's decision was not unreasonable, arbitrary, capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion; and (3) that the adjudicator erred in suggesting that a disciplinary sanction short of termination might be appropriate.

 Our task on appeal is to make anew the determination of the district court based on the seven grounds for review listed in Iowa Code section 279.18. *Smith v. Board of Education,* 293 N.W.2d 221, 223 (Iowa 1980); *Board of Education v. Youel,* 282 N.W.2d 677, 679 (Iowa 1979). This section provides, in material part:

> In proceedings for judicial review of the adjudicator's decision, the court shall not hear any further evidence but shall hear the case upon the certified record. In such judicial review, especially when considering the credibility of witnesses, the court shall give weight to the fact findings of the board; but shall not be bound by them. The court may affirm the adjudicator's decision or remand to the adjudicator or the board for further proceedings upon conditions determined by the court. The court shall reverse, modify, or grant any other appropriate relief from the board decision or the adjudicator's decision equitable or legal and including declaratory relief if substantial rights of the petitioner have been prejudiced because the action is:
>
> 1. In violation of constitutional or statutory provisions; or
>
> 2. In excess of the statutory authority of the board or the adjudicator; or
>
> 3. In violation of a board rule or policy or contract; or
>
> 4. Made upon unlawful procedure; or
>
> 5. Affected by other error of law; or
>
> 6. Unsupported by a preponderance of the competent evidence in the record made before the board and the adjudicator when that record is viewed as a whole; or
>
> 7. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

Our review, as was the evidence presented to the school board, is "limited to the specific reasons stated in the superintendent's notice of recommendation of termination." Iowa Code § 279.16; *Smith,* 293 N.W.2d at 225. We therefore must consider these allegations in determining whether affirmance, reversal, or some other disposition is appropriate. In doing so, although we give weight to the fact findings of the board, we are not bound by them. Iowa Code § 279.-18.

 Our application of these standards for review leads us to the conclusion that the district court was correct in affirming the adjudicator's decision that just cause did not exist to justify termination of defendant's contract. Each of the allegations stated as reasons for the superintendent's recommendation of termination—i.e., unsuitable teaching methods, insubordination, inappropriate discipline, and inability to communicate and relate with students—was discussed at length in the adjudicator's decision, and that analysis need not be repeated here. The examples cited as indicia of these allegations—i.e., inadequate lesson plans, the principal's evaluations, failure to report for classes on August 24, 1979, misgrading of one student's paper, and incident in which a student felt she was ridiculed in defendant's class, etc.—provide evidence of professional faults which should be corrected by nonrepetition or by improvement of performance. Against this proof is a record showing support for defendant and her teaching ability by numerous former students and parents, the admittedly nonserious nature of some of the complaints, and a paucity of evidence that defendant's conduct "directly or indirectly significantly and

adversely affects what must be the ultimate goal of every school system: high quality education for the district's students." *Wedergren v. Board of Directors,* 307 N.W.2d 12, 20 (Iowa 1981) (quoting *Briggs v. Board of Directors,* 282 N.W.2d 740, 743 (Iowa 1979)). Further evidence of defendant's teaching abilities is shown by her selection to participate in Project Teach, a project to teach other teachers. Of thirty-three thousand teachers teaching in the state of Iowa, defendant was one of thirty selected for this project. We conclude that the record as a whole does not show, by a preponderance of the evidence, that just cause existed for termination. *See* Iowa Code § 279.18(6); *Board of Education v. Youel,* 282 N.W.2d 677, 682 (Iowa 1979). The burden was on the board, as appellant, to demonstrate error in the decision of the district court or the adjudicator, *see Youel,* 282 N.W.2d at 680, and the board failed to sustain that burden.

With respect to the school board's contention that the adjudicator erred in suggesting that a disciplinary sanction short of termination might be appropriate, we find that the adjudicator's statement was merely a recommendation and thus did not constitute action in violation of the law or in excess of the statutory authority. The decision of the district court is accordingly affirmed.

AFFIRMED.