Frank A. SMITH, Appellant,

v.

FORT MADISON COMMUNITY
SCHOOL DISTRICT, Appellee.

No. 68871.

Supreme Court of Iowa.

June 15, 1983.

James L. Sayre and Gerald L. Hammond of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for appellant.

R.L. Fehseke of Fehseke, Fehseke & Kamp, Fort Madison, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, LARSON, and CARTER, JJ.

LARSON, Justice.

This plaintiff filed a declaratory judgment action requesting the court to adjudicate his rights under a teaching contract with the defendant school district. This case is a sequel to an earlier appeal involving these parties, *Smith v. Board of Education,* 293 N.W.2d 221 (Iowa 1980).

In the present case, the district court ruled that the plaintiff was not entitled to reinstatement or back pay as a teacher in the defendant district. He was, however, entitled to payment of certain sick leave benefits. Smith appealed the ruling as to his contract status. No cross-appeal was filed by the district as to its liability for unpaid sick leave benefits, and that issue is not before us. The district did, however, cross-appeal from the district court's refusal to bar Smith's future reinstatement on the basis of laches. We affirm on both appeals.

The employment contract between these parties for the 1976–77 school year was modified by an agreement signed by Smith and the school superintendent on March 15, 1977, by which Smith agreed to go on immediate sick leave and the superintendent agreed that he would be allowed to return for a 30-day probationary period if Smith furnished a certificate from a psychiatrist that he was "fully capable of returning to his duties as a [guidance] counselor." The modification agreement also provided for payment of certain sick pay benefits to Smith. Upon failure of Smith to furnish this certificate, the superintendent commenced termination proceedings under Iowa Code section 279.24 (1975). On appeal, this court reversed, holding that Smith's psychiatric problems did not constitute "just cause" for termination.

We are now asked to determine the effect of that reversal. Smith argues that, under the prior opinion, the district must either reinstate him, or initiate new proceedings to terminate his contract, and that it has done neither. The district responds that, under the modification agreement, the next move is up to Smith, not the school board or the superintendent; he is required to furnish a certificate by a psychiatrist that he is fully capable of returning to work according to it. (In the first appeal, we concluded that a certificate furnished prior to the initial termination proceedings to the effect that Smith "can try returning to his duties" was not sufficient to comply with the modification agreement. *Smith,* 293 N.W.2d at 223–24.)

The basis for Smith's argument is a contention advanced by him for the first time in this declaratory judgment action, that the modification agreement is invalid because (1) it was not formally adopted by the school board and (2) it had been repudiated by the superintendent and the school board when they attempted the initial termination proceedings against Smith.

The school district responds that Smith had alleged the existence of the modification in his petition and had alleged that it was a contract with the district, not just with the superintendent. That allegation was not denied in the district's answer, and therefore it claims is established as a matter of law. *See Hanson v. Lassek,* 261 Iowa 707, 709, 154 N.W.2d 871, 873 (1967); *Shipley v. Reasoner,* 87 Iowa 555, 557, 54 N.W. 470, 471 (1893).

In answer to Smith's argument that the district had repudiated the modification agreement by attempting to terminate his base contract, the district argues this issue was not raised in the pleadings and in any event, was res judicata under our earlier decision.

I. *The Execution of the Modification . Agreement.*

We pass the issue of whether the plaintiff has lost his right to challenge the initial validity of the agreement because of the allegation in his petition that it was a contract of the district. We also pass the question of the effect of the plaintiff's own reliance upon the agreement in seeking, and accepting, the benefits of it in the form of sick pay. Resolution of these issues is un-

necessary because the agreement was properly executed by the superintendent in any event.

Iowa Code section 279.12 provides that the board of directors "shall . . . elect all teachers and make all contracts necessary or proper for exercising the powers granted and performing the duties required by law. . . ." Section 279.13(1) provides that contracts with teachers "shall be in writing and shall state the number of contract days, the annual compensation to be paid, and any other matters as may be mutually agreed upon." It also provides that the contract "shall be signed by the president of the board when tendered. . . ."

■■■ We agree with the district court's conclusion that, while section 279.12 grants the board the authority to make all contracts, it does not prevent that authority from being exercised by and through the superintendent. We also agree with its conclusion that section 279.13(2), at least by its terms, refers only to the base contract; it does not require that a limited modification, such as involved here, be signed by the board president. We believe, in any event, that the superintendent is authorized to enter into an agreement such as this as a means of "informal settlement" procedures under Iowa Code section 279.16 which provides that in a termination proceeding

> [e]vidence may be by stipulation of the parties and informal settlement may be made by stipulation, consent, or default or by any other method agreed upon by the parties in writing. The board shall employ a certified shorthand reporter to keep a record of the private hearing. The proceedings or any part thereof shall be transcribed at the request of either party with the expense of transcription charged to the requesting party.

The "parties" referred to are the teacher and the *superintendent. See* § 279.15–.16. Such informal settlements were recognized and specifically approved in the earlier Smith appeal. *Smith,* 293 N.W.2d at 224. As we observed in that opinion, this modification agreement was executed in lieu of immediate termination proceedings. *Id.* at

222. In effect, when the superintendent agreed to withhold his notice of termination, and Smith agreed to go on sick leave until he furnished proof of his recovery, they executed an informal settlement of termination proceedings as envisioned by section 279.16. Because the superintendent, not the board, is a party to such settlement agreement, it is clear he is authorized to sign it.

## II. *The Repudiation Argument.*

■ Smith contends that even if the agreement was valid at its inception, it was later repudiated by the board by its attempt to terminate his teaching contract. At the time the termination proceedings were commenced, Smith had not furnished proof of his ability to return to work and had given every indication that he was not going to attempt to do so. Smith, in refusing to seek further psychiatric counseling, to provide "periodic reports" by his psychiatrist, and to furnish evidence of his ability to return to work, as required by the agreement, was apparently deemed by the superintendent and board to have breached the agreement. Thus, the only remedies available were to allow the unsettled status to remain in effect indefinitely, or to initiate termination proceedings. We agree with the trial court's conclusion that the actions of the superintendent and board in seeking termination were not a repudiation of the agreement but were rather an attempt to deal with Smith's breach of it.

Disposition of the issue of the validity of the modification agreement on these grounds makes it unnecessary for us to address the defendant's additional argument that Smith is estopped to dispute its validity.

## III. *The Cross-Appeal.*

We address the cross-appeal, because the issue of laches might reoccur in future litigation.

■■■ The trial court did not hold, as the defendant claimed it should have, that Smith is now precluded from seeking reinstatement or back pay, because he is barred

by laches. The doctrine of laches is based upon an unreasonable delay in asserting a right which causes prejudice to another. *First Federal Savings and Loan Association v. Blass,* 316 N.W.2d 411, 414–15 (Iowa 1982); *Anita Valley, Inc. v. Bingley,* 279 N.W.2d 37, 41 (Iowa 1979). Although the district contends that "[i]n the absence of [Smith's assertion of his rights] the district has had to provide other staffing requirements and has been prejudiced by not knowing when, or if, Smith could ever return as a counselor," it is not specific enough in its assertion. It is clear that the district is not paying two salaries for the same position. The party asserting the defense of laches has the burden of proving its elements by "clear, convincing, and satisfactory proof." *First Federal Savings and Loan Association,* 316 N.W.2d at 414; *Chicago, Rock Island and Pacific Railroad Co. v. City of Iowa City,* 288 N.W.2d 536, 541 (Iowa 1980). The district has fallen short of that quality of proof here.

In addition, we note that this matter has not been lying dormant but has, in fact, been in a state of fairly constant agitation in administrative and judicial proceedings since its inception. Under these circumstances, the requisite showing of delay has not been made. *See* 30A C.J.S. *Equity* § 125, at 78 (1965).

■ The district court did not err in failing to hold the action was barred by laches. This is not to imply, of course, that this matter may be permitted to remain in limbo indefinitely. When the time of performance is indefinite in a contract, it generally must be rendered within a "reasonable time." *See* 1 A. Corbin, *Corbin on Contracts* § 96, at 411–12 (1963).

We have considered the other arguments of the parties and find them either to be without merit or unnecessary for the resolution of the issues on appeal.

We find no reversible error.

AFFIRMED ON BOTH APPEALS.