**Edith RANKIN, Plaintiff-Appellant,**

v.

**BOARD OF EDUCATION OF the MARSHALLTOWN COMMUNITY SCHOOL DISTRICT and The Marshalltown Community School District, Defendant-Appellees.**

**No. 2–68701.**

Court of Appeals of Iowa.

June 28, 1983.

James L. Sayre of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for plaintiff-appellant.

Michael Moon of Cartwright, Druker & Ryden, Marshalltown, for defendants-appellees.

Heard by OXBERGER, C.J., and SNELL, and SCHLEGEL, JJ.

SNELL, Justice.

Plaintiff-schoolteacher appeals from district court's judicial review decision which reversed part of the adjudicator's decision and reinstated defendant school board's termination of plaintiff's contract. We reverse and reinstate the adjudicator's decision.

Plaintiff, Edith Rankin, a nonprobationary public schoolteacher, was employed by defendant school district for six consecutive years as a high school social studies teacher. In February 1981, plaintiff was served with a superintendent's notice and recommendation to terminate contract, specifying as reasons for the recommendation to terminate, "A reduction in staff necessitated by declining enrollment and reduced funding. . . ."

At the commencement of the hearing before the school board, plaintiff teacher requested a continuance, allegedly to allow the school board to determine whether plaintiff's contract could be saved by attrition among those teachers who had not yet responded to contract offers for the pertinent school year. The request for continuance was denied. The superintendent presented considerable evidence regarding a substantial decline in enrollment and consequent decrease in funding. Plaintiff did not dispute the need for staff reduction in general, but argued as the forty-second teacher terminated, the only teacher who challenged her termination, and the most senior social studies teacher, that there was a need to retain her teaching position despite declining enrollment and reduced funding. An assistant superintendent testified regarding a plan to use some administrative "curriculum coordinators" to fill some of the terminated teaching positions, at least on a part-time basis. These curriculum coordinators are not part of the teachers' collective bargaining unit. There was additional testimony and evidence regarding the seniority and staff reduction provisions of the collective bargaining agreement between defendant school board and the teachers' association. Following this evidentiary hearing, the school board termi-

nated plaintiffs' contract, effective at the conclusion of the 1980–81 school year. Plaintiff then appealed to an adjudicator.

The adjudicator found that the school district's staff reduction essentially was legitimate on grounds of declining enrollment and reduced funding; however, the adjudicator also found that at least forty percent of plaintiff's social studies teaching position would be filled by reassignment of a curriculum coordinator. Such use of the curriculum coordinators, the adjudicator concluded, violated the staff reduction provisions of the collective bargaining agreement and did not constitute just cause to terminate plaintiff's contract. For that reason, the adjudicator reversed the school board's termination of plaintiff's contract and ordered her reinstated to at least forty percent of a full teaching assignment. Both parties then sought judicial review in the district court.

Following oral argument and the submission of briefs, the district court filed its findings, conclusions, and judgment reversing that portion of the adjudicator's decision which was favorable to plaintiff teacher and reinstating the school board's termination of plaintiff's contract. The district court concluded that the staff reduction based on declining enrollment and reduced funding was legitimate; that there was just cause to terminate plaintiff's position; and that such termination complied with the staff reduction provisions of the master contract.

On appeal plaintiff asserts that: (1) there was insufficient evidence of just cause to terminate plaintiff's contract on grounds of declining enrollment and reduced funding; (2) defendant school board's alleged plan to fill plaintiff's teaching position by using "curriculum coordinators," who are outside the teachers' bargaining unit, constituted a violation of the staff reduction provisions of the collective bargaining agreement between the school board and the teachers' association; (3) defendant school board's refusal to grant a continuance in order to determine whether plaintiff's teaching position could be saved via attrition violated the staff reduction provisions of the collective

bargaining agreement; and (4) the district court's alleged reliance on evidence regarding the school board's abandonment of its plan to increase the teaching functions of its curriculum coordinators constituted impermissible and prejudicial reliance on evidence outside the certified record.

Our task on appeal is to make anew the determination of the district court based on the seven grounds for review listed in Iowa Code section 279.18. *Smith v. Board of Education,* 293 N.W.2d 221, 223 (Iowa 1980); *Board of Education v. Youel,* 282 N.W.2d 677, 679 (Iowa 1979). This section provides, in material part:

> In proceedings for judicial review of the adjudicator's decision, the court shall not hear any further evidence but shall hear the case upon the certified record. In such judicial review, especially when considering the credibility of witnesses, the court shall give weight to the fact findings of the board; but shall not be bound by them. The court may affirm the adjudicator's decision or remand to the adjudicator or the board for further proceedings upon conditions determined by the court. The court shall reverse, modify; or grant any other appropriate relief from the board decision or the adjudicator's decision equitable or legal and including declaratory relief if substantial rights of the petitioner have been prejudiced because the action is:
>
> 1. In violation of constitutional or statutory provisions; or
> 2. In excess of the statutory authority of the board or the adjudicator; or
> 3. In violation of a board rule or policy or contract; or
> 4. Made upon unlawful procedure; or
> 5. Affected by other error of law; or
> 6. Unsupported by a preponderance of the competent evidence in the record made before the board and the adjudicator when that record is viewed as a whole; or
> 7. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

Our review, as was the evidence presented to the school board, is "limited to the specific reasons stated in the superintendent's notice of recommendation of termination." Iowa Code § 279.16; *Smith,* 293 N.W.2d at 225. We therefore must consider these allegations in determining whether affirmance, reversal, or some other disposition is appropriate. In doing so, although we give weight to the fact findings of the board, we are not bound by them. Iowa Code § 279.-18.

■ The crucial issue with which we are concerned on this appeal is whether the school board's decision to terminate plaintiff's teaching contract was for just cause supported by a preponderance of the competent evidence in the record. The burden of proof on this issue is, initially, on the board, and thereafter appellant must demonstrate error. *See Board of Education v. Youel,* 282 N.W.2d 677, 680 (Iowa 1979). Plaintiff contends that just cause for termination did not exist, and that the trial court therefore erred in failing to affirm the adjudicator's decision reinstating plaintiff's teaching contract and ordering that she be assigned not less than forty percent of a full teaching assignment for the 1980–81 school year.

Iowa Code section 279.15 requires that "[t]he notification and the recommendation to terminate [a teacher's contract] shall contain a short and plain statement of the reasons, *which shall be made for just cause,* why the recommendation is being made." Iowa Code § 279.15(2) (emphasis added). The Iowa Supreme Court has stated that the term "just cause" includes "legitimate reasons relating to the district's personnel and budgetary requirements." *Briggs v. Board of Directors,* 282 N.W.2d 740, 742 (Iowa 1979).

■ The board of directors, in its findings of fact and conclusions of law, issued on March 23, 1981, made the following findings:

4. Staff reduction is necessitated by declining enrollment in the Marshalltown Community School District and the corresponding need to more efficiently and economically utilize staff.

\* \* \* \* \* \*

6. A staff reduction of two full time positions in the 7–12 social studies department is appropriate in that during the 1981–82 school year there will be: 1) A need for fewer sections of 7–12 social studies classes; 2) Fewer supervisory duties assigned to social studies teachers, 7–12; and 3) An increased teaching load for the social studies coordinator.

\* \* \* \* \* \*

8. The social studies coordinator is presently teaching .4 of one position and will increase his teaching load to a maximum of .8 of one position for the 1981–82 school year.

9. As of March 17, 1981, there have been no retirements, resignations, death or other events which would reduce the number of teachers in the 7–12 social studies department for the 1981–82 school year.

\* \* \* \* \* \*

15. The recommended termination of the continuing teaching contract of Edith Rankin is based upon just cause and in compliance with the staff reduction policy of the collective bargaining agreement.

Plaintiff contends that, in the social studies area, this proposal would mean the equivalent of reassigning to the social studies coordinator approximately two-fifths of the teaching assignment. Plaintiff further contends, and we agree, that the termination of a tenured teacher and concurrent assignment of a coordinator, not a member of the bargaining unit, into bargaining unit work, violates the master contract of employment. We believe that the effect of the board's proposal, whether intended or not, was to avoid the requirements of the bargained contract with regard to the retention of tenured teachers. We refuse to sanction such a result. *Cf. Marshalltown Education Association v. Public Employment Relations Board,* 299 N.W.2d 469, 470–72 (Iowa 1980).

The adjudicator found that a social studies department staff reduction of at least four-tenths of a position was a direct result of increasing the teaching assignment of the social studies department coordinator by four-tenths of a teaching assignment. On the basis of the record before us, we conclude that this finding was supported by a preponderance of the competent evidence. The adjudicator also found that plaintiff had indicated a willingness to teach full-time or part-time, and we believe that its order reinstating plaintiff and assigning her to not less than four-tenths of a teaching position was appropriate under these circumstances. The district court's decision is accordingly reversed and the decision of the adjudicator reinstated.

REVERSED.

DONIELSON and HAYDEN, JJ., take no part.