**In re Resolution for Immediate Discharge of Mark JOHNSON.**

**No. CX–87–1163.**

Court of Appeals of Minnesota.

Dec. 1, 1987.

Review Denied Feb. 12, 1988.

Brian J. Peterson, Minneapolis, for appellant Johnson.

James E. Knutson, Patrick J. Flynn, Marie C. Skinner, St. Paul, for respondent ISD 197.

Heard, considered and decided by LANSING, P.J., and NIERENGARTEN and STONE,* JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal by writ of certiorari. The appellant is a teacher challenging his discharge from employment with the West St. Paul School District. We affirm.

## FACTS

Appellant Mark Johnson was a continuing-contract teacher employed by respondent West St. Paul Independent School District No. 197 from 1974 until March 1981. Johnson was diagnosed as suffering from Hodgkin's disease in late summer 1979 and was on sick leave from early September 1979 until mid-November 1979 when he took a disability leave of absence. Johnson taught for one week in mid-February 1980, but was on medical leave for the remainder of the 1979–80 school year. He was hospitalized from February 22 to March 21, 1980, after experiencing a minor psychotic episode at his home.

Johnson returned to teach in the West St. Paul school district in August 1980. While teaching an elementary physical education class on March 31, 1981, Johnson experienced a second and more severe psychotic episode in which he became verbally abusive to his class and school staff. Johnson also assaulted and injured the school nurse, struck but did not injure a student, and struck school staff members who were attempting to subdue him. Johnson was hospitalized for treatment of a psychotic condition and did not teach during the remainder of the 1980–81 school year. Johnson requested, and received, a disability leave of absence for the 1981–82 school year. Although Johnson initially requested reinstatement for the 1982–83 school year, a neurologist recommended that Johnson not resume teaching responsibilities at that time. Johnson suffered a third psychotic episode in August 1982 and was hospitalized for several days of treatment. He did not teach during the 1982–83 school year and was not reinstated for the 1983–84 school year.

In April 1984, the school board adopted a resolution proposing to discharge Johnson from his teaching position with the district. Johnson challenged the board's action and requested a hearing which was conducted in August 1984. However, the hearing was continued because Johnson suffered another mild psychotic episode.

Johnson's discharge hearing was reconvened in January 1987 and consisted of four days of testimony. A psychiatrist testifying for the school district stated that Johnson has a psychiatric disorder which "is essentially a lifetime diagnosis," and recommended against Johnson's reinstatement because of the apparent cyclical nature of the psychotic episodes. The psychiatrist also felt Johnson was "at greater risk of relapse" if he returned to the West St. Paul School District.

Persons who worked with Johnson or supervised him in coaching and substitute teaching positions uniformly testified that Johnson is a good teacher and coach who effectively interacts with children. They also testified about the stressful situations Johnson has worked in and stated that they

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6 § 2.

would not hesitate to employ Johnson in teaching and coaching positions, even in light of his prior psychiatric problems.

The psychiatrist who treats Johnson testified that he believes Johnson's "remission since his acute psychosis in August of 1984 has been excellent" and that Johnson "does not remain particularly vulnerable [to relapses] as long as he stays on the prescribed dosages of medication." The psychiatrist agreed with a psychiatrist and psychologist who both recommended in July 1984 that Johnson return to work in the school district. The psychiatrist also testified that he believed Johnson could return to a teaching position and could perform teaching duties adequately if he maintained his medication regimen and continued supportive psychotherapy visits.

The hearing examiner concluded Johnson has a "bipolar affective disorder" which is "not susceptible to cure," and that Johnson "remains subject to psychotic episodes." The examiner concluded Johnson "displayed extremely aggressive and harmful behavior towards staff members, student, family members and others" in previous psychotic episodes and that "there is a high likelihood of a repeat of such aggressive behavior due to the fact that such behavior has been previously engaged in by Johnson." The examiner concluded Johnson "was physically and/or mentally unfit to resume performance of his duties in a proper manner in Independent School District No. 197" from March 31, 1981, through each of the school years including school year 1986–87 pursuant to Minn.Stat. § 125.12, subd. 7. Finally, the hearing examiner concluded the school district complied with the statutory discharge procedures and that "Johnson should be discharged immediately in accordance with Minn.Stat. § 125.12, subd. 8(f)." Accordingly, the hearing examiner recommended Johnson's immediate discharge.

The school board adopted the examiner's recommendation and notified Johnson on April 16, 1987, that he was discharged from his teaching position. Johnson appeals the school board's decision.

## ISSUES

1. Did the school board fail to comply with the statutory discharge procedures?

2. Does the evidence show the appellant did not experience "sufficient recovery to be capable of resuming performance of duties in a proper manner"?

## ANALYSIS

[J]udicial review in a certiorari proceeding under Minn.Stat. § 125.12 is limited. The school board's decision to terminate a teacher will not be heard de novo and will not be set aside by a reviewing court unless the decision is fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction or based on an erroneous theory of law.

*Peck v. Independent School District No. 16,* 348 N.W.2d 100, 101 (Minn.Ct.App.1984) (citations omitted). "Substantial evidence" is evidence which reasonable minds can rely on in arriving at a conclusion. *See Kroll v. Independent School District No. 593,* 304 N.W.2d 338, 343 (Minn.1981).

[T]he entire record must be consulted as part of an inquiry into the probative force of the evidence taken as a whole.

*Id.* at 342.

[U]nless manifestly unjust, this court must grant substantial deference to the fact-finding process and defer to the opportunity of the hearing examiner and the school board to judge first hand the credibility of witnesses.

*Downie v. Independent School District No. 141,* 367 N.W.2d 913, 916 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. July 26, 1985) (citations omitted).

### 1. Statutory Discharge Procedures

The board decided in April 1984 that Johnson should be discharged because of

> continuing physical or mental disability subsequent to a twelve month leave of absence and inability to qualify for reinstatement in accordance with Minn.Stat. Sec. 125.12, subd. 7.

*See* Minn.Stat. § 125.12, subd. 8(f) (1982).

■ Johnson argues that the school board did not comply with the statutory

discharge procedures because the school district did not offer him an opportunity to choose an examining physician from a list of three physicians. Under the circumstances, the school board was not required to provide Johnson with a list of examining physicians because Section 125.12, subdivision 7 does not require physical or mental examination when a teacher consents to a temporary suspension or leave of absence. *See* Minn.Stat. § 125.12, subd. 7 ("Unless the teacher consents, such action shall be taken only upon evidence that suspension is required from a physician who has examined the teacher.").

■ The statute bars school boards from discharging teachers "solely on the ground of serious mental or physical disability until a period of 12 months elapsed" after the date of temporary suspension. *Obermeyer v. School Board, Independent School District No. 282*, 311 Minn. 232, 235, 247 N.W. 2d 919, 920 (1976). We also note that school boards must "strictly comply" with the procedural provisions of section 125.12. *See Fisher v. Independent School District No. 118*, 298 Minn. 238, 242, 215 N.W.2d 65, 68 (1974). However, where, as here, the teacher voluntarily requests a leave of absence or otherwise consents to the board's action, there is no need to predicate suspension or leave on a physician's examination, thus, the statutory discharge procedures for selecting a three-member panel for the purposes of examination need not be followed.

### 2. Sufficiency of the Evidence

■ Johnson contends there is insufficient evidence in the record to show he has not recovered sufficiently or that he is incapable of performing teaching duties in a proper manner. *See* Minn.Stat. § 125.12, subd. 7 (1982). The school board could dismiss Johnson if he was incapable of performing teaching duties subsequent to a twelve month leave, *and* the evidence shows he had not recovered sufficiently and was incapable of performing his teaching duties.

Continuing-contract teachers may be discharged, "effective immediately," because of

> continuing physical or mental disability subsequent to a twelve months leave of absence and inability to qualify for reinstatement in accordance with subdivision 7.

Minn.Stat. § 125.12, subd. 8(f).

> In the event that the teacher does not qualify for reinstatement within twelve months after the date of suspension, his continuing disability may be a ground for discharge under subdivision 8.

*Id.* § 125.12, subd. 7.

■ The hearing examiner and school board considered expert testimony about Johnson's psychiatric condition, the likelihood of future relapses, and the possible risks to students and school personnel which might result from any future psychotic episodes. Although there is conflicting expert testimony about whether Johnson is capable of resuming his teaching duties, the record contains substantial evidence which indicates *some* possibility of relapse and some consequential possibility of harm to elementary students in the district.

■ The decision to reinstate or discharge Johnson from his teaching duties in the district lies largely within the school board's discretion. *See Freier v. Independent School District No. 197*, 356 N.W.2d 724, 731 (Minn.Ct.App.1984). The board ultimately must exercise its independent judgment about the safety of the students and the employment of district staff. *See id.* Accordingly, the board's decision must be affirmed because the decision to terminate Johnson is not arbitrary or unreasonable, and the record evidence which supports the school board's decision is evidence which reasonable minds can rely on in arriving at a conclusion. *See Kroll*, 304 N.W.2d at 343. This court also must defer to the hearing examiner's and the school board's opportunity to hear and assess the credibility of witnesses. *See Downie*, 367 N.W.2d at 916.

## DECISION

The school board did not fail to comply with the statutory discharge procedures by failing to provide the appellant with a list of three possible examining physicians because the school board need not provide the list when a teacher voluntarily requests a leave of absence or otherwise consents to the school board's actions.

The school board's decision to discharge the appellant is affirmed because substantial evidence shows the appellant was incapable of performing teaching duties subsequent to a twelve month leave.

Affirmed.